# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

DAVID S. MARSH,

    Debtor.

ALEXANDER BURKE,

    Plaintiff,

vs.

DAVID S. MARSH,

    Defendant.

Case No. 07-10738-RGM
(Chapter 7)

Adv. Proc. No. 07-01080-RGM

## MEMORANDUM OPINION

THIS CASE is before the court on defendant's motion to dismiss for failure to state a claim upon which relief can be granted (Docket Entry 6). In considering a motion to dismiss, this court must accept the allegations of plaintiff's complaint as true and view them in the light most favorable to plaintiff. *See Ridpath v. Bd. of Governors Marshall Univ.*, 447 F.3d 292, 309 (4th Cir. 2006).

First, Defendant asserts that plaintiff seeks recovery based on a guarantee allegedly made by defendant, which the Virginia statute of frauds requires to be in writing to be enforceable. *See* Va. Code § 11-2(4). Plaintiff does not allege a guarantee but rather alleges that it lent money to defendant as primary obligor. *See* Compl. ¶¶ 6-8 (*e.g.*, "Plaintiff agreed to loan the Defendant and Mancuso money..."). Accordingly, Va. Code § 11-2(4) would not apply.

Defendant argues in the alternative that plaintiff made an extension of credit in the aggregate amount of $25,000 or more, recovery of which requires a writing under Va. Code § 11-2(9). A

threshold issue is whether the statute applies in the manner suggested by defendant.  The language of the statute bars claims based on "any agreement or promise *to lend* money or extend credit in an aggregate amount of $25,00 or more." Va. Code § 11-2(9) (emphasis added).  This language would appear to provides a defense only to lenders who have made an unwritten promise to extend credit of $25,000 or more.  Its language does not appear to provide a defense to debtors who have borrowed $25,000 or more under an unwritten agreement.  See *Net Connection v. GWBEH, LLC*, 67 Va. Cir. 150 (2005) ("As interpreted, the Statute applies only to agreements to lend money, not agreements where money has already been extended.") (citing *Charles E. Brauer Co. v. NationsBank*, 251 Va. 28, 466 S.E.2d 382 (1996)).  In this case, the complaint alleges that plaintiff has already loaned the money to defendant, making the statute of frauds inapplicable.  *See* Compl. ¶ 8.

In addition, on the facts pleaded by plaintiff, "Debtor and Mancuso agreed to repay the loans with interest of [$]5,000.00, when the property sold." Compl. ¶ 7. Under the standard for reviewing a motion to dismiss, plaintiff's complaint and the cancelled checks attached thereto support the theory that plaintiff made multiple loans to defendant, none of which was $25,000 or more.  As such, Va. Code § 11-2(9) would not apply.

The motion to dismiss will be denied.

Alexandria, Virginia
September 12, 2007

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:
Richard G. Hall
Joseph M. Langone
13704